## S01A1716. WATSON v. THE STATE.
### (558 SE2d 704)

FLETCHER, Chief Justice.

Following a bench trial, Dukar Watson was convicted for the murders of Chauncey Fleming, Eddie McMillian, and Nekeba Turner, as well as for possessing a firearm during the commission of a felony.[1] On appeal, he alleges that the waiver of his right to a jury

---

[1] The crimes occurred on February 5, 1996. A grand jury indicted Watson on March 20, 1998. Following a bench trial on July 8, 1999, Watson was convicted of three counts of malice murder, three counts of felony murder, three counts of aggravated assault, and three counts

trial was constitutionally deficient. Because we find that the waiver satisfied constitutional requirements and Watson's other enumeration of error is without merit, we affirm his convictions.

1. In the early morning hours of February 5, 1996, Dukar Watson and four companions went to the apartment of Watson's acquaintance Chauncey Fleming, ostensibly to watch television and smoke marijuana, but with the intention of robbing Fleming of proceeds from illegal drug sales. At a pre-arranged signal, Watson and his accomplices subdued Fleming. They also subdued Eddie McMillian and Nekeba Turner, two other residents of the apartment. They then killed all three occupants of the apartment by shooting them in the head and ransacked the apartment, stealing stereo equipment, jewelry, and various other items. They never found the drug money. Taking the evidence in the light most favorable to the trial court's determination of Watson's guilt, we conclude that there was sufficient evidence from which a rational trier of fact could have found Watson guilty of the crimes for which he was convicted.[2]

2. Watson contends that he did not personally, knowingly, voluntarily, and intelligently waive his constitutional right to a trial by jury. The record demonstrates otherwise.

Prior to Watson's trial, Manuel Lord, one of Watson's accomplices, was convicted by a jury. Watson thereafter agreed to waive his right to a jury trial and proceed with a bench trial provided the State agreed not to recommend a sentence greater than three life sentences to run concurrently if he were convicted of the three felony murder charges, with an additional five years imprisonment if he were convicted of the possession of a firearm charges. Watson's agreement with the State was announced in open court. The trial court then asked Watson personally whether he knew that he had a right to a jury trial and wished to waive that right and proceed with a trial before the judge. Watson stated on the record that he understood that he had a right to a jury trial and that he wished to forego that right and proceed with a bench trial. Watson's attorney also informed the trial court that he had discussed with Watson whether to proceed with a bench trial versus a jury trial.

---

of possession of a firearm during the commission of a crime. Consistent with a pre-trial agreement between Watson and the State, the trial court sentenced him to three life imprisonment sentences to run concurrently followed by five years imprisonment for the possession of a firearm conviction. The remaining convictions either merged or were vacated at the State's request. Watson filed his motion for new trial on July 9, 1999 and amended it on September 20, 1999. The parties consented to the trial court's denying Watson's motion for new trial, without prejudice to Watson's right to appeal, and the court entered that consent order on July 17, 2001. Watson filed a notice of appeal on July 20, 2001. The case was docketed in this Court on August 15, 2001 and was orally argued on November 20, 2001.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A defendant's right to trial by jury is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive.[3] A trial court should ask the defendant sufficient questions on the record so that the court can ensure the defendant's waiver is knowing, voluntary, and intelligent.[4]

Here, the trial court asked Watson on the record whether he wished to waive his right to a jury trial and proceed with a bench trial. Only after receiving Watson's oral assurance that he wished to waive trial by jury and proceed to trial before the court did the trial court accept Watson's waiver. We find based on the specific record before us that Watson personally, knowingly, voluntarily, and intelligently waived his right to a trial by jury.

3. Watson's second enumeration of error is that the trial court wrongfully considered material that was not admitted into evidence at his trial. To support his contention, Watson points to a statement the trial court made just before stating its judgment:

I have reviewed my notes of the evidence in this case along with the exhibit evidence that has been put into evidence in this case by stipulation. And I have reviewed at length that same evidence on [a] prior occasion as well when this case was tried by a jury before me on the case of Manuel Lord.

Watson argues that the above statement shows that the trial court considered evidence from the trial of Watson's accomplice, Manuel Lord, that was not part of Watson's trial. The State, on the other hand, contends that the trial court merely was stating that the evidence put in during Watson's bench trial also had been put into evidence during Lord's trial, and the trial court thus was familiar with this evidence.

When sitting as the finder of fact, the trial court is presumed to have separated admissible evidence from inadmissible evidence and considered only the former in reaching its judgment.[5] Watson neither objected to the trial court's comments at the time they were made nor attempted to show what, if any, evidence the court improperly considered. Absent a showing that the trial court actually considered

---

[3] See *Boykin v. Alabama*, 395 U. S. 238, 243 n. 5 (89 SC 1709, 23 LE2d 274) (1969); *Adams v. United States ex rel. McCann*, 317 U. S. 269, 277-278 (63 SC 236, 87 LE 268) (1942); *Patton v. United States*, 281 U. S. 276, 312 (50 SC 253, 74 LE 854) (1930); *Chapman v. State*, 273 Ga. 348, 351 (541 SE2d 634) (2001); *Byrd v. Owen*, 272 Ga. 807, 812 n. 23 (536 SE2d 736) (2000); *Whitaker v. State*, 244 Ga. App. 241, 244 (535 SE2d 283) (2000).

[4] See *Whitaker*, 244 Ga. App. at 244; see also Georgia Superior Court BenchBook, § 11.22.

[5] See *In the Interest of M. A. C.*, 244 Ga. 645, 655 (261 SE2d 590) (1979).

material outside of the trial record, or what that inadmissible material was, we will not disturb the presumption that the trial court considered only admissible evidence in reaching its judgment. Furthermore, our independent review of the record demonstrates there was sufficient evidence to support the trial court's judgment. Accordingly, we find Watson's second enumeration of error without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Brian Steel*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Tammie J. Philbrick*, Assistant Attorney General, for appellee.

