## S01A1679. THE STATE v. RODRIGUEZ.
(559 SE2d 435)

FLETCHER, Chief Justice.

Police arrested fifteen-year-old Carlos Rodriguez on two counts of murder and two counts of aggravated assault. The investigating officers misinformed Rodriguez that his mother had the right to decide whether he should speak to police or have an attorney present. After an extensive discussion about whether talking to police would help the accused, he and his mother signed a waiver form and police interrogated him. Rodriguez filed a motion to suppress the statement, which the trial court granted on the grounds that it was not voluntary and any waiver was not made knowingly and intelligently. Because the totality of the circumstances shows that Rodriguez did not knowingly and intelligently waive his constitutional rights and voluntarily make a statement, we affirm.

The question of whether a juvenile has made a knowing and intelligent waiver of his constitutional right to remain silent under the Fifth Amendment and right to counsel under the Sixth Amendment depends on the totality of the circumstances.[1] The government has a "heavy burden" in demonstrating that the juvenile understood and waived his rights.[2] Among the factors to be considered are the accused's age and education; his knowledge of the charge and his constitutional rights; his ability to consult with family, friends, or an attorney; the length, method, and time of the interrogation; and whether he previously had refused to give a statement or repudiated the statement later.[3] On appeal, we accept the trial court's findings on disputed facts and credibility of witnesses unless clearly erroneous, but independently apply the law to the facts.[4]

A critical factor in this case, as the trial court identified, is whether Rodriguez understood his constitutional right to consult with an attorney and right to remain silent. A review of the 47-minute taped interview and its transcript indicates that no one was clear about the nature of the accused's rights. The detective who served as a translator read the "Advice of Rights to Juvenile" form first to Mrs. Rodriguez in Spanish, which is her native language, and the four participants engaged in an extended discussion about her responsibility to invoke or waive the rights on behalf of her son. Only after a

---

[1] See *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976).

[2] Id.

[3] Id.; see *Smith v. State*, 263 Ga. 363, 364 (434 SE2d 465) (1993); *State v. McBride*, 261 Ga. 60, 63-64 (401 SE2d 484) (1991); *Marshall v. State*, 248 Ga. 227, 229-231 (282 SE2d 301) (1981).

[4] *Linares v. State*, 266 Ga. 812 (471 SE2d 208) (1996); see *McBride*, 261 Ga. at 65-66 (Hunt, J., concurring specially).

request by Rodriguez did the detective read the same *Miranda*[5] warning in English, the accused's primary language. The two detectives repeatedly told Mrs. Rodriguez that she would have to decide "on her own" whether to have an attorney present, it was her decision whether to talk, and she could stop talking to them at any time. When the detectives told her that she needed to make the decision, her son said, "Do it mom." Mrs. Rodriguez acknowledged that "the decision is mine" and eventually allowed her son to answer questions, but later told police to stop the interview "because he doesn't know what he is talking about." Thus, the record supports the trial court's findings that the police incorrectly advised Rodriguez that his mother was the only person who could exercise his constitutional rights and, based on that erroneous advice, he gave her authority to decide whether he should make a statement to police.

Other factors support the trial court's ruling that Rodriguez's waiver of his constitutional rights was not made knowingly and intelligently. Rodriguez was 15 years old when questioned, had repeated the eighth grade, and dropped out of school in the ninth grade. He admitted having difficulty signing his name to the waiver form and was inarticulate both during his police interview and while testifying in court. He had stayed up until 4:00 a.m. on the day of his interview, sleeping less than four hours before police arrested him. The detectives refused to allow Rodriguez or his mother to consult with his older sister, who often acted as interpreter for their mother, and the entire interview is confusing due to the language barrier, the simultaneous discussions in English and Spanish, and the incomplete translations from one language to the other.

Finally, the method that police used in the interrogation, including whether they made threats or promises, is a significant factor in evaluating the voluntariness of the waiver here.[6] The witnesses at the hearing on the motion to suppress disagreed about whether the police detectives made any promise to Rodriguez and his mother during a preliminary discussion that was not recorded. After evaluating the witnesses' credibility, the trial court found that one detective told them that making a statement would help Rodriguez and his charges would be dropped or his sentence reduced if he gave a statement. Although the same officer attempted in the taped interview to clear up any confusion about the benefit that Rodriguez would gain from talking to police, we accept the trial court's ruling on the disputed facts concerning the officer's conduct since it is not clearly erroneous.

Considering the totality of the circumstances, we conclude that

---

[5] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[6] See *McBride*, 261 Ga. at 64.

the state has not met its burden of demonstrating that Rodriguez knowingly, intelligently, and voluntarily waived his constitutional right to remain silent and right to counsel. Because the DeKalb County detectives misinformed the accused about the nature of his constitutional rights, Rodriguez did not understand that he had personal responsibility for deciding whether he should speak to police and could not rely on his mother to invoke or waive his rights. Of equal importance, the police induced the waiver by promising Rodriguez and his mother that the charges would be dropped or the sentence would be reduced later. Since the record shows that the accused's decision to talk was not knowingly, intelligently, and voluntarily made, we affirm the trial court's order granting the motion to suppress Rodriguez's statement.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*J. Tom Morgan, District Attorney, Mike McDaniel, Assistant District Attorney*, for appellant.
*Lawrence Delan*, for appellee.