## S04A0351. BROWN v. THE STATE.
### (592 SE2d 666)

CARLEY, Justice.

At the conclusion of a bench trial, the trial court found Kenneth Brown guilty of malice murder of his wife, and sentenced him to life imprisonment. After the denial of a motion for new trial, Brown brings this appeal.[1]

1. Brown drove his wife to the emergency room, where she was pronounced dead. According to the medical examiner, her death was the combined result of strangulation and trauma to the head, chest and abdomen. In his statement to the police, Brown admitted that he argued with his wife and that they had a physical confrontation. Officers who executed a warrant to search the home discovered the victim's hair and blood in various rooms throughout the residence. In a conversation with his wife's sister, Brown admitted that he was responsible for the death. The evidence is sufficient to authorize a rational trier of fact to find him guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brown contends that he did not intelligently waive his right to a jury trial, because the trial court did not advise him of the specific consequences that the waiver would have with regard to the permissible scope of issues that could be raised on appeal.

Since there is no jury, a bench trial creates fewer possible grounds for appellate review. For example, the conduct of voir dire and jury instructions are not a potential basis for reversal. However, the purpose of a trial, with or without a jury, is not to create issues

---

[1] The death occurred on July 8, 1999. The grand jury indicted Brown for murder on November 10, 1999. The trial court found him guilty on April 23, 2002, and imposed the life sentence on April 26, 2002. Brown filed a motion for new trial on May 9, 2002, which the trial court denied on June 25, 2003. On July 3, 2003, Brown filed a notice of appeal. The case was docketed in this Court on October 29, 2003, and was submitted for decision on December 22, 2003.

for appeal. In the criminal context, it is a proceeding to determine whether the defendant is guilty beyond a reasonable doubt of the offense he is charged with committing. Thus, there is not any requirement that the trial court expressly inform the accused of those particular appellate issues which waiver of a jury trial will obviate. A " ' "defendant's consent need not be in a particular, ritualistic form. Since form is unimportant, the only real issue is whether appellant intelligently agreed to a trial without jury. (Cits.) [Cit.] . . . ." ' [Cit.]" *Safford v. State*, 240 Ga. App. 80, 82 (2) (522 SE2d 565) (1999). The trial court need only conduct an inquiry of the accused on the record so as to ensure that the waiver is knowing, voluntary and intelligent. *Watson v. State*, 274 Ga. 689, 691 (2) (558 SE2d 704) (2002).

Here, the record shows that, after defense counsel announced that his client was waiving the right to a jury trial on his recommendation, Brown was informed of the various aspects of the right to a jury trial and of the general consequences of relinquishing that right. Included in that colloquy was an explanation that the trial court

> will be the judge of both the law as well as the judge of the facts, and he will decide all factual issues. You still have a right to appeal, you still have a right to question any rulings that he might make or any decision that he might make that you disagree with, if there is an error in law that he makes, and he could conceivably make an error in law, even though he is the judge.

After receiving the comprehensive information regarding his right to a jury trial, Brown was asked whether he consented, based upon his lawyer's recommendation, to waive that right and to submit to a bench trial. He responded in the affirmative to that inquiry. Thus,

> [o]nly after receiving [Brown's] oral assurance that he wished to waive trial by jury and proceed to trial before the court did the trial court accept [his] waiver. We find based on the specific record before us that [Brown] personally, knowingly, voluntarily, and intelligently waived his right to a trial by jury.

*Watson v. State*, supra at 691 (2).

3. Although Brown enumerates as error the admission of expert testimony by a witness for the State, he did not object at trial. Thus, this enumeration presents nothing for review. *Eberhart v. State*, 257 Ga. 600, 602 (8) (361 SE2d 821) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 2, 2004.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.