### S04A0882. WELBON v. THE STATE.
(602 SE2d 610)

FLETCHER, Chief Justice.
Wayne Terry Welbon appeals from his convictions for malice murder and possession of a firearm during the commission of a crime.[1] Finding no error, we affirm.

1. The evidence presented at trial showed that Welbon and Judy Ann Harris had an on-again off-again romantic relationship. On September 29, 2001, after Welbon helped Harris fix a window in her house, Harris began to drive Welbon home. They got into a heated argument on the drive, and Welbon shot Harris four to six times in the head and upper body. Welbon admits to killing Harris, but claims that he did so in self-defense because Harris was reaching for a gun in her purse, which was on the floorboard behind his seat.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Welbon was guilty

---

[1] The crimes occurred on September 29, 2001. On October 31, 2001, Welbon was indicted for malice murder, felony murder, and two counts of possession of a firearm during the commission of a crime. On September 19, 2002, an Athens-Clarke County jury convicted Welbon on all counts. He was sentenced to life in prison for malice murder and to a consecutive five year term for one of the possession counts. The felony murder count stood vacated by operation of law, and the second possession count merged into the first. Welbon filed a timely motion for new trial on October 8, 2002. New counsel amended the motion on October 28, 2003, and a hearing on the motion was held the same day. The trial court denied the motion on December 23, 2003, and Welbon filed his timely notice of appeal on January 22, 2004. This case was docketed in this Court on February 2, 2004, and submitted on the briefs on March 29, 2004.

of the crimes for which he was convicted.[2] Accordingly, Welbon's challenge to the sufficiency of the evidence is without merit.

2. Welbon contends that his trial counsel was deficient for failing to call a defense expert who was prepared to testify that Welbon suffered from Battered Person's Syndrome, and that this failure undermined his self-defense argument.

To prevail on a claim of ineffective assistance of trial counsel, Welbon bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency.[3] There is a strong presumption that trial counsel provided effective representation,[4] and we will not find ineffectiveness if trial counsel's strategy and trial tactics were reasonable at the time.[5]

At the motion for new trial hearing, trial counsel testified that he decided against calling the expert after the State failed to present evidence of prior difficulties between Welbon and Harris. The State's witnesses were expected to testify that Welbon, not Harris, was the aggressor in the relationship, and trial counsel was surprised that the State chose not to present this evidence. Trial counsel testified that he made a strategic decision not to call the expert for fear of opening the door to this evidence and allowing the State to call its witnesses in rebuttal, thereby giving them the "last word" on the subject. Trial counsel's strategy was reasonable under the circumstances, and we will not use hindsight to second-guess that strategy on appeal.[6]

3. Welbon also contends that the trial court's jury instruction on the use of excessive force was improper.[7] This Court has held that the given charge, which comes from the Suggested Pattern Jury Instructions, is a correct statement of the law,[8] and it was proper in light of the entire justification charge given.

*Judgment affirmed. All the Justices concur.*

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington,* 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Smith v. Gaither,* 274 Ga. 39, 40 (549 SE2d 351) (2001).

[5] *Braithwaite v. State,* 275 Ga. 884, 886 (572 SE2d 612) (2002).

[6] Id.

[7] The jury instruction read:
I charge you [that] the use of excessive force or unlawful force while acting in self-defense is not justifiable, and the defendant's conduct in this case would not be justified if you find that the force used exceeded that which the defendant reasonably believed was necessary to defend against the victim's use of unlawful force, if any.

[8] *Salyers v. State,* 276 Ga. 568, 570 (4) (580 SE2d 240) (2003); *Clark v. State,* 271 Ga. 27, 29 (2) (518 SE2d 117) (1999).

DECIDED SEPTEMBER 13, 2004.

*Vicki E. Carter*, for appellant.

*Kenneth W. Mauldin, District Attorney, Christopher T. Anderson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.