A07A0349. EDWARDS v. THE STATE.
(645 SE2d 699)

MILLER, Judge.

Following a bench trial, the trial court found Glendon Barrington Edwards guilty of armed robbery and aggravated assault. Edwards appeals, asserting that the State failed to disprove his coercion defense and thus presented insufficient evidence to sustain his convictions. He also asserts that he did not validly waive his right to a trial by jury. For reasons that follow, we affirm.

1. In reviewing Edwards' challenge to the sufficiency of the evidence, we construe the evidence in a light favorable to the verdict. See *Brinson v. State,* 244 Ga. App. 40 (537 SE2d 370) (2000). We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence authorized the factfinder to find Edwards guilty beyond a reasonable doubt. See id.

So viewed, the evidence shows that on March 2, 2001, Danny Abercrombie was robbed by Edwards, Courtney Dean Clark, and Anthony Antwon Hollis while walking home from a store. Edwards held a gun to Abercrombie's head, while the two other men searched his pockets and took his money. Edwards then hit Abercrombie in the head with the gun, leaving a gash that required 12 stitches.

When questioned by police, Edwards initially asserted that he was not involved in the incident. He subsequently admitted to police that he participated in the robbery, pointed a gun at Abercrombie, and struck Abercrombie with the gun. Edwards made similar admissions at trial. He also testified, however, that Hollis forced him to take part in the crimes. According to Edwards, who was 15 years old at the time of the robbery, he participated because he was afraid Hollis would harm him "right then and there."

On appeal, Edwards argues that the State failed to disprove his coercion claim. Once a defendant presents evidence supporting the affirmative defense of coercion, the State bears the burden of disproving the defense beyond a reasonable doubt. See *Graham v. State*, 239 Ga. App. 429, 432 (1) (b) (521 SE2d 249) (1999). The factfinder, however, determines whether the State has met this burden. See *Brinson*, supra, 244 Ga. App. at 42. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the [factfinder's] verdict will be upheld." (Punctuation and footnote omitted.) Id.

Although Edwards offered evidence supporting a coercion defense at trial, the State presented counter evidence. Specifically, the State established that Edwards made two statements to police, including one in which he admitted to the crimes. Neither statement, however, contains any assertion that Hollis forced Edwards to participate in the offenses. Despite two opportunities to explain to police what happened, Edwards did not claim coercion until the time of trial. This evidence authorized the trial court to conclude that the State sufficiently disproved Edwards' coercion defense, which the trial court found "not to be credible." See *Bailey v. State*, 245 Ga. App. 852, 853-854 (1) (539 SE2d 191) (2000); *Graham*, supra, 239 Ga. App. at 432 (1) (b); see also *Blocker v. State*, 265 Ga. App. 846, 852 (5) (595 SE2d 654) (2004) (factfinder entitled to disbelieve defendant's testimony regarding coercion).

2. Edwards also argues that the trial court failed to determine that he knowingly and intelligently waived his right to a jury trial. We disagree.

The right to a trial by jury "is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive." *Watson v. State*, 274 Ga. 689, 691 (2) (558 SE2d 704) (2002). Before finding such waiver, the

trial court "should ask the defendant sufficient questions on the record so that the court can ensure the defendant's waiver is knowing, voluntary, and intelligent." Id. The waiver, however, need not follow any particular form. See *Brown v. State*, 277 Ga. 573, 574 (2) (592 SE2d 666) (2004). "[T]he only real issue is whether [the defendant] intelligently agreed to a trial without jury." (Punctuation omitted.) Id. We will affirm a trial court's determination that a defendant validly waived the right to a jury trial unless that determination is clearly erroneous. See *Harris v. State*, 269 Ga. App. 234, 235 (603 SE2d 749) (2004).

Before Edwards' trial began, defense counsel informed the trial court that Edwards wanted a bench trial. After learning that Edwards was then 16 years old, the trial court addressed both Edwards and his mother directly. The judge stated:

> I'm telling you both that Glendon Edwards has a right to a jury trial, to a trial by twelve citizens who will sit in that box and who will make the decisions as to the facts of the case. What [defense counsel] said is that Glendon Edwards has decided to waive or give up that right, and I want to make sure he's had a chance to talk to his mother and his lawyer about that and that he feels comfortable with that decision.

Edwards' mother asserted that she and Edwards did not want a jury trial, and both Edwards and his mother indicated that they did not need additional time to speak with defense counsel about the issue. Edwards and his mother also stated that defense counsel had discussed the "pros and cons" of a jury trial with them. The trial court then proceeded with the bench trial.

The record thus shows that the trial court spoke with Edwards and his mother personally about the decision to waive a jury trial. The judge explained that Edwards had the right to have his case decided by 12 jurors, then offered him more time to discuss the waiver of this right with defense counsel. The trial court also confirmed that defense counsel had addressed the benefits and hazards of a jury trial with his client. The record reveals no error in the trial court's determination that Edwards knowingly and intelligently waived his right to a trial by jury. See *Watson*, supra, 274 Ga. at 691 (2); *Wingfield v. State*, 226 Ga. App. 448, 449 (3) (486 SE2d 676) (1997).

Citing *State v. Rodriguez*, 274 Ga. 728 (559 SE2d 435) (2002), Edwards argues on appeal that the trial court's inquiry failed to meet the requirements for waiver of a constitutional right by a juvenile. The *Rodriguez* case, however, does not involve waiver of a right to jury trial. Instead, the decision outlines various factors that a trial court should consider in determining whether a juvenile knowingly and

intelligently waived his right to remain silent and his right to counsel before giving an incriminating statement to police. See *Rodriguez*, supra, 274 Ga. at 728. Several of the *Rodriguez* factors relate specifically to the police interrogation context. See id. (factors include length, method, and time of the police interrogation, as well as whether the juvenile has refused to give a statement to police or later repudiated a statement). Furthermore, nothing in *Rodriguez* extends its application to a jury trial waiver.

Nevertheless, it is clear that the trial court considered some of the more general factors listed in *Rodriguez*. For example, the trial judge determined Edwards' age, ensured that he understood that he had a right to a trial by 12 jurors, and determined that he had discussed his trial options with both his mother and defense counsel. See id. (factors include juvenile's age, knowledge of his constitutional rights, and his ability to consult with family and an attorney). Moreover, the trial court — as not only the factfinder, but the questioner in this situation — was in the best position to determine whether Edwards had the capacity to understand the proceedings and his waiver, despite his age. Under these circumstances, we will not reverse the trial court's determination that Edwards validly waived his right to a jury trial. See *Whitaker v. State*, 256 Ga. App. 436, 439 (2) (568 SE2d 594) (2002) ("The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous.") (citation and punctuation omitted).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 4, 2007.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.