S07A0978. NORRIS v. THE STATE.
(651 SE2d 40)

CARLEY, Justice.

After a jury trial, Appellant Melissa Nicole Norris was found guilty of the malice murder of her father, aggravated assault, and possession of a firearm during commission of a felony. Merging the aggravated assault into the murder count, the trial court entered judgments of conviction for malice murder and the weapons charge, and sentenced Appellant to life imprisonment and to a consecutive five-year term. A motion for new trial was denied. She appeals pursuant to the trial court's grant of a motion for out-of-time appeal.[*]

1. Construed most strongly in support of the verdict, the evidence shows that Barry Norris was found shot to death in his home. Appellant, who was 15 years old, confessed to her brother and to police that, after an argument with her father, she took a pistol and

[*] The crimes occurred on December 20, 1995, and the grand jury returned an indictment on February 28, 1996. The jury found Norris guilty on August 7, 1997 and, on the same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on August 13, 1997 and denied on March 12, 2001. The motion for out-of-time appeal was filed on March 1, 2006, amended on January 11, 2007, and granted on January 30, 2007. Norris filed a notice of appeal on February 19, 2007. The case was docketed in this Court on March 20, 2007, and submitted for decision on May 14, 2007.

shot him in the back of the head at close range. Expert medical testimony showed that the victim died as the result of a contact range gunshot to the back of his head. The evidence was sufficient to enable a rational trier of fact to have found Norris guilty beyond a reasonable doubt of the crimes for which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Murray v. State*, 276 Ga. 396, 397 (1) (578 SE2d 853) (2003); *James v. State*, 275 Ga. 387 (1) (565 SE2d 802) (2002).

2. Appellant contends that the trial court erred in ruling that she made a knowing and intelligent waiver of her federal and state constitutional rights prior to giving a statement to police.

Even where, as here, a juvenile is involved, the question of whether there was a knowing and intelligent waiver of constitutional rights depends on the totality of the circumstances surrounding a police interrogation. *Fare v. Michael C.*, 442 U. S. 707, 725 (III) (99 SC 2560, 61 LE2d 197) (1979); *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976).

> Among the factors to be considered are the accused's age and education; his knowledge of the charge and his constitutional rights; his ability to consult with family, friends, or an attorney; the length, method, and time of the interrogation; and whether he previously had refused to give a statement or repudiated the statement later. [Cits.] On appeal, we accept the trial court's findings on disputed facts and credibility of witnesses unless clearly erroneous, but independently apply the law to the facts. [Cits.]

*State v. Rodriguez*, 274 Ga. 728 (559 SE2d 435) (2002).

At the time of the interrogation, Appellant was in the ninth grade and could read and understand English. She had not yet been charged, but her mother, Mrs. Sharon Norris, had just been told that Appellant was a suspect. A juvenile waiver-of-rights form was read in its entirety to, and signed by, Appellant and Mrs. Norris. Appellant had the opportunity to consult with her mother, who was present for the entire interview. *Hanifa v. State*, 269 Ga. 797, 805 (3) (505 SE2d 731) (1998). A parent's presence, although not required, is a significant factor in support of a finding of waiver. *Sanford v. State*, 962 SW2d 335, 342 (II) (B) (Ark. 1998).

When Mrs. Norris twice asked whether an attorney was necessary, the detective who conducted the interview specifically told her that the decision of whether to speak to an attorney belonged to both her and Appellant, and, each time, Mrs. Norris indicated that the interview could continue. Thus, contrary to Appellant's argument, the trial court was not required to find that the police incorrectly

stated that her mother was the only person who could exercise Appellant's constitutional rights. Compare *State v. Rodriguez*, supra at 729. Furthermore, Appellant did not give any indication of such a misunderstanding. Compare *State v. Rodriguez*, supra. Nor did either of them ever invoke Appellant's right to remain silent or ask that the questioning cease. Mrs. Norris cooperated with the police in their investigation of Appellant's involvement in the crimes and wanted the interview to continue, but that does not constitute a failure to act on behalf of her daughter or require a finding that the statement was not voluntarily made. *Chapman v. State*, 273 Ga. 865, 870 (4) (a) (548 SE2d 278) (2001); *Burnham v. State*, 265 Ga. 129, 133 (4) (453 SE2d 449) (1995), disapproved on other grounds, *Stinski v. State*, 281 Ga. 783, 785 (2) (b), fn. 2 (642 SE2d 1) (2007).

Although the testimony of Appellant's mother conflicted with that of the investigating officers, the trial court recognized the existence of a contradiction in the testimony and resolved it in favor of the admissibility of Appellant's confession. "The trial court was entitled to determine the credibility of the witnesses and to believe the officers, and its findings were not clearly erroneous. [Cit.]" *Murphy v. State*, 267 Ga. 100, 102 (7) (475 SE2d 590) (1996).

The interview was conducted at 3:30 a.m. and, when Appellant was confronted with the accusations, she became upset and began crying. However, there is not any evidence that the interrogation was "abusive or overly long." *Chapman v. State*, supra. Appellant was not under the influence of drugs or alcohol, she had access to food, drink, and a restroom, she did not ever refuse to give a statement, and she did not recant her confession until trial.

Considering the totality of the circumstances, we conclude that the trial court did not err in finding that Appellant knowingly and voluntarily waived her rights. Therefore, there was no error in admitting her custodial statement into evidence. *Murray v. State*, supra at 398 (2); *Chapman v. State*, supra; *Hanifa v. State*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Michael E. Garner*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.