A07A1598. DEFRANCISCO v. THE STATE.

(656 SE2d 238)

MILLER, Judge.

Following a bench trial, Joseph Loren Defrancisco was found guilty of one count of aggravated assault with a deadly weapon upon a police officer (OCGA § 16-5-21 (a) (2) and (c)), two counts of obstruction of an officer (OCGA § 16-10-24 (b)), and one count of reckless endangerment (OCGA § 16-5-60 (b)). Defrancisco appeals, challenging the effectiveness of trial counsel, the validity of his waiver of the right to a jury trial, and the sufficiency of the evidence as to his conviction for aggravated assault. Discerning no error, we affirm.

A trial court's ruling on a claim of ineffective assistance of trial counsel is "a mixed question [of law and fact] subject to independent review by the appellate court[s]." (Footnote omitted.) *Suggs v. State,* 272 Ga. 85, 87 (4) (526 SE2d 347) (2000). Upon review of such a claim, we accept the trial court's factual findings and determinations of credibility unless clearly erroneous and review de novo a trial court's legal conclusions. Id. at 88. A trial court's ruling as to whether a defendant knowingly, intelligently, and voluntarily waived his right to a jury trial is also reviewed under a clearly erroneous standard. *Edwards v. State,* 285 Ga. App. 227, 229 (2) (645 SE2d 699) (2007). Additionally, we review the sufficiency of the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). Neither do we weigh the evidence or determine witness credibility. Rather, we determine only whether the

---

evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on New Year's Eve, 2005, Defrancisco, while intoxicated, went into his backyard and began firing two pistols into a target that he had placed on an earthen backstop. At about 11:00 p.m., Defrancisco's neighbor, Vinny Liscomb, went outside and asked Defrancisco to stop. When the firing continued, however, Mrs. Liscomb called the police.

Upon being dispatched to Defrancisco's home, the police spoke to Defrancisco, and he agreed to cease firing and to remain in his house. After the officers departed, however, Defrancisco decided to confront his neighbors about calling the police. Drunk and angry, Defrancisco banged on the Liscombs' front door and rang the doorbell. Mrs. Liscomb ordered Defrancisco off her property and again called the police.

When the police returned, the officers knocked on Defrancisco's door and announced their presence. After Defrancisco's wife opened the door and Defrancisco appeared, one of the officers asked him to step outside. When he failed to respond, the officer repeated his request. Defrancisco turned to his left, raised his shirt using his left hand, and, with his right hand, pulled a gun out of his waistband. Fearing for his life, the officer knocked the gun out of Defrancisco's hand and threw him from the front doorway into another officer, where after a brief scuffle, the officers handcuffed him.

1. Defrancisco contends that he received ineffective assistance of counsel because trial counsel (i) instructed him to conform his testimony at trial to the police version of the incident at his door; (ii) failed to properly cross-examine the State's witnesses; (iii) failed to obtain production of police reports for purposes of impeachment; (iv) failed to object to the testimony of the State's witnesses and to prosecutorial badgering directed against him as he testified; (v) failed to invoke the rule of sequestration; (vi) failed to properly interview the officer who ordered him from his home; (vii) failed to call his wife as a witness at trial; (viii) failed to properly prepare him for trial; (ix) failed to object to the admission of the State's video recording of the incident; and (x) failed to prepare a written waiver of jury trial.

Defrancisco does not support his claims that trial counsel improperly required him to "conform" his testimony at trial, improperly cross-examined the State's witnesses, failed to duly discover the underlying police reports for purposes of impeachment, failed to interpose appropriate objections, or failed to invoke the rule of sequestration by reference to the record or transcript. This Court, therefore, will not search for or further consider such claims of

ineffectiveness. Court of Appeals Rule 25 (c) (3) (i). Defrancisco's remaining claims of ineffective assistance are without merit.

"To prevail on a claim of ineffective assistance of trial counsel, [a defendant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency." (Footnote omitted.) *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel. [Cits.]" *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001). "There is a strong presumption that trial counsel provided effective representation, and we will not find ineffectiveness if trial counsel's strategy and trial tactics were reasonable at the time." (Footnotes omitted.) *Welbon*, supra, 278 Ga. at 313 (2). While we generally presume that trial counsel's decisions were "made in the exercise of reasonable professional judgment ([cit.])," (*Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985)), we are mindful that "reasonable professional judgment requires proper investigation. [Cit.]" *Turpin v. Helmeci*, 271 Ga. 224, 226 (518 SE2d 887) (1999). Consequently, "[t]he right to reasonably effective counsel is violated when the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." (Citation and punctuation omitted.) Id.

(a) Defrancisco argues deficient performance of trial counsel in the pretrial investigation of the case because he neither recorded nor had another person witness his telephonic interview of the officer who ordered him from his home — this foreclosing his ability to impeach the officer at trial upon a prior inconsistent statement. We disagree.

At the motion for new trial hearing, trial counsel testified that he does not record interviews unless he expects the witness to offer exculpatory evidence. Trial counsel did not expect the complained-of interview to be exculpatory, and it was not. Instead, it differed from the officer's police report only insofar as it indicated that the weapon had been pointed at the officer's head, rather than at his midsection, and that the weapon had been held in the left, rather than the right hand. It is where an attorney fails to conduct a reasonable investigation into evidence crucial to the defense that he may render ineffective assistance. See *Curry v. Zant*, 258 Ga. 527, 530 (371 SE2d 647) (1988) (counsel's failure to obtain an independent psychiatric

examination constituted deficient performance). Here, there is no deficiency for failure to investigate an inconsistency significant to the defense.

(b) Defrancisco claims that his representation at trial was ineffective because trial counsel failed to call his wife as a witness "crucial" to his defense. The decision as to which witnesses will be called "is a matter of trial strategy and tactics and does not usually constitute ineffective assistance of counsel." (Citation omitted.) *Beattie v. State*, 240 Ga. App. 327, 328-329 (2) (b) (523 SE2d 389) (1999).

Here, trial counsel explained his decision not to call Defrancisco's wife for two reasons: (i) from her position in front of her husband, she had not seen how Defrancisco had pulled out his gun, and (ii) Defrancisco's wife might have damaged her husband's case on cross-examination because she had also been intoxicated at the time of the incident and had been told by others that her husband was "no good."

Under these circumstances, no deficient performance resulted upon trial counsel's failure to call Mrs. Defrancisco as a witness.

(c) Defrancisco complains that trial counsel met with him only three or four times before trial and gave him no opportunity to participate in the decision to waive his right to a jury trial. We disagree.

The amount of time an attorney spends with defendant is not determinative of whether counsel rendered ineffective assistance. See *Fleming v. State*, 241 Ga. App. 61, 64 (2) (526 SE2d 91) (1999). The defendant must also show prejudice for lack of additional meetings. *Razor v. State*, 259 Ga. App. 196, 199 (5) (a) (576 SE2d 604) (2003).

Here, the record shows that trial counsel met with Defrancisco and his wife for forty-five minutes to an hour; that he otherwise met with him at least five times; and that trial counsel engaged Defrancisco in an e-mail discussion regarding his decision to waive his right to a jury trial. There is no indication that Defrancisco asked for any additional meeting that he did not receive. Neither did the trial court abuse its discretion in finding that Defrancisco validly waived his right to a jury trial. See Division 2, infra. Consequently, there is no showing of deficient performance of counsel on this basis.

(d) Defrancisco claims that trial counsel failed to object to the admission of an audio recording of the colloquy between the officers and Defrancisco at the scene. At the motion for new trial hearing, trial counsel testified that this evidence supported his trial strategy — specifically that the officers had made up their minds against Defrancisco before they ever talked to him and heard his side of the story. See *Welbon*, supra, 278 Ga. at 313 (2) (A finding of ineffectiveness will not result from trial counsel's strategy or tactics, if they were reasonable at the time.).

(e) Finally, Defrancisco contends that he was denied effective assistance of counsel because his trial counsel neither filed a written waiver of right to jury trial nor advised him of the consequences of such a waiver. We disagree.

> The right to a trial by jury is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive. Before finding such waiver, the trial court should ask the defendant sufficient questions on the record so that the court can ensure the defendant's waiver is knowing, voluntary, and intelligent. The waiver, however, need not follow any particular form. The only real issue is whether the defendant intelligently agreed to a trial without jury.

(Citations and punctuation omitted.) *Edwards*, supra, 285 Ga. App. at 228-229 (2).

Given that there is no requirement that the right to a jury trial be waived in writing, trial counsel was not ineffective for not having Defrancisco do so. See *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004) (The failure to pursue what is not required does not constitute ineffective assistance of counsel.).

Defrancisco's claim that his waiver of a jury trial was invalid for trial counsel's failure to apprise him of the significance of an election to proceed at a bench trial is likewise without merit. Trial counsel testified at the motion for new trial hearing that he and Defrancisco discussed the merits of a nonjury versus a jury trial three times prior to trial — two times in person and once via an exchange of e-mail; that, unlike a jury trial, only the judge would hear the evidence and decide the case; that, upon learning on the day of trial that his case would be heard by a new trial judge, Defrancisco again elected to proceed before the judge alone; that trial counsel did not pressure Defrancisco to proceed with a bench trial; and that he understood the agreed-upon trial strategy as well as its advantages and disadvantages. We therefore find no deficient performance of counsel on this account. *Edwards*, supra, 285 Ga. App. at 228 (2).

Under these circumstances, the instant claim of error is without merit.

2. Defrancisco's claim that the trial court erred by not obtaining an express oral or written waiver of his right to a jury trial also lacks merit.

As set out above, the right to a jury trial need not be waived in written form. *Edwards*, supra, 285 Ga. App. at 228 (2). Here, the record shows that the trial court spoke with Defrancisco regarding his decision to waive a jury trial, and thereby obtained a valid oral

waiver of Defrancisco's right to the same. Specifically, the trial court confirmed that Defrancisco understood that he had an absolute right to a jury trial; that he understood the implications of waiving such a right; and that, upon such understanding in consultation with counsel, he elected to waive a jury trial and to proceed before the trial court sitting alone.

In light of the foregoing, the trial court's determination that Defrancisco validly waived his right to a jury trial is not subject to reversal under the clearly erroneous standard of review. *Edwards*, supra, 285 Ga. App. at 228 (2); *Whitaker v. State*, 256 Ga. App. 436, 439 (2) (568 SE2d 594) (2002).

3. Finally, Defrancisco challenges the sufficiency of the evidence as to his conviction for aggravated assault. Defrancisco argues that the evidence was insufficient to establish that he committed aggravated assault because his testimony showed that rather than aiming his gun at the officer outside his front door, he had only taken it from his waistband to put it on a table next to the door.

"An assault is aggravated when made with a deadly weapon, regardless of intent. [Cits.]" *Ross v. State*, 131 Ga. App. 587 (1) (206 SE2d 554) (1974). Defrancisco's testimony to the contrary notwithstanding, the State's evidence was that after removing his weapon from his waistband, Defrancisco pointed it at the midsection of the officer who confronted him in the doorway of his home, and caused the officer to fear for his life. The trial judge, as the trier of fact, was authorized to credit the testimony of the officers over that of Defrancisco. *Jackson v. State*, 251 Ga. App. 578, 579-580 (1) (554 SE2d 768) (2001). Under the standard set forth in *Jackson*, supra, 443 U. S. 307, we find this evidence sufficient to support Defrancisco's conviction for aggravated assault with a deadly weapon upon a police officer.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 8, 2008.

*Louis M. Turchiarelli*, for appellant.

*Patrick H. Head, District Attorney, Ann B. Harris, Amelia G. Pray, Assistant District Attorneys*, for appellee.