In the Supreme Court of Georgia

Decided: February 1, 2016

S15A1502. THE STATE v. LEE.

HUNSTEIN, Justice.

In this pre-trial appeal filed pursuant to OCGA § 5-7-1 (a) (4), the State challenges the trial court's order suppressing the custodial statement of Appellee Ceron Lee. The State contends that the trial court erred in concluding that Lee, who was 15 years old at the time of his statement, did not knowingly and intelligently waive his rights before speaking with investigators while in police custody. Finding no error, we affirm.

Lee was indicted in Fulton County on murder and related charges in connection with the September 2006 shooting death of Anthony Price. Lee moved to suppress two statements he made to police investigators on the day after the shooting. The trial court conducted a hearing, at which it heard testimony from two officers who had participated in the interviews and admitted video recordings of the interviews, which it subsequently reviewed.

This evidence reflected that, shortly after the crime was discovered, Lee

was identified as having been with the victim – a friend of his – near the time the shooting had occurred. Accordingly, on the day after the murder, Lee appeared at police headquarters for questioning. Lee and several other witnesses were interviewed, beginning in the early afternoon. As a result of the initial interviews, Lee was deemed a suspect, and investigators initiated a second interview of Lee at approximately 11:00 p.m. Lee's mother was present during this second interview.

As depicted in the video recording, this second interview began with Lee sitting hunched over, holding his shirt over much of his face; his mother was seated nearby. One of the officers opened the interview by presenting a waiver form and asking Lee to read it aloud. Lee's mother took the form, began reading it, and then stated that Lee would need a lawyer before making any statement. Lee remained seated with his shirt over his face and gave no response of any kind. Without any further attempt to get a response from Lee, the officers began relating to Lee's mother various details of the shooting, at which point both Lee and his mother began sobbing and wailing. Lee buried his face in his hands and sobbed uncontrollably for a lengthy period, at times practically hyperventilating, and crying for his "Daddy." Throughout the

2

approximately hour-long recording, Lee continues crying, intermittently wailing, and holding his head in his hands. At no time did the officers revisit the subject of Lee's rights or his desire to waive them; rather, the officers simply persisted in making comments and asking questions about the shooting until Lee finally, with encouragement from his distressed mother, and in between bouts of sobbing, began to answer them.

Upon this record, the trial court found that Lee had not made a knowing and intelligent waiver of his rights and that, therefore, the second interview was inadmissible in its entirety. Given that the recorded interview is in the appellate record and that no material facts relevant to this issue are in dispute, we review this determination de novo. See Mack v. State, 296 Ga. 239, 241-242 (765 SE2d 896) (2014).

Whether a juvenile has knowingly and intelligently waived his constitutional rights "depends on the totality of the circumstances surrounding [the] police interrogation." Norris v. State, 282 Ga. 430, 431 (2) (651 SE2d 40) (2007).

> Among the factors to be considered are the accused's age and education; his knowledge of the charge and his constitutional rights; his ability to consult with family, friends, or an attorney; the length,

method, and time of the interrogation; and whether he previously had refused to give a statement or repudiated the statement later.

(Citations omitted.) State v. Rodriguez, 274 Ga. 728, 728 (559 SE2d 435) (2002); see also Fare v. Michael C., 442 U. S. 707, 725-726 (III) (99 SCt 2560, 61 LE2d 197) (1979) (in assessing waiver of rights by juvenile, courts must assess his age, experience, education, background, intelligence and capacity to understand his rights and the consequences of waiving them). The State bears a "heavy burden" in establishing a juvenile's knowing and intelligent waiver of rights. Rodriguez, 274 Ga. at 728.

The State failed to carry its burden here. The video recording reflects clearly that Lee himself never once expressed any affirmative understanding of his rights or desire to waive them. To the contrary, 15-year-old Lee, who by that time had been at the police station for approximately ten hours, was extremely distraught and appears to have had minimal capacity to understand what little the investigators attempted to communicate regarding his rights. Lee did not sign the waiver form, nor even look at it, and he engaged in no discussion with the officers, or his mother, regarding his rights. While Lee's mother indicated that she understood her son's rights, her understanding is of little consequence

4

given that Lee "could not rely on his mother to . . . waive his rights." Rodriguez, 274 Ga. at 729.

For these reasons, the trial court properly concluded based on the totality of the circumstances that Lee did not knowingly and intelligently waive his rights before giving his custodial statement. We therefore affirm the trial court's order ruling this statement inadmissible at trial.

Judgment affirmed. All the Justices concur.