S02A1660. SMITH v. THE STATE.
(577 SE2d 554)

FLETCHER, Chief Justice.

A jury convicted Markis Genar Smith of malice murder in the shooting death of Michael Holley.[1] Smith appeals, contending his trial counsel was ineffective. Because Smith has failed to show deficient performance or prejudice, we affirm.

1. The evidence at trial showed that the victim disappeared in 1995 and his rented U-Haul van was found abandoned with substantial bloodstains in the interior. Approximately a year later, the victim's skeletal remains were found, and an autopsy revealed that he had been shot twice in the head. Smith was in custody in North Caro-

---

[1] The crime occurred September 14, 1995. A grand jury indicted Smith on April 8, 1997. Following a jury trial on September 3, 1998, Smith was found guilty of malice murder and the trial court sentenced him to life imprisonment. He filed a motion for new trial on September 16, 1998. Following a hearing on the motion on May 2, 2002, the trial court denied the motion in an order entered June 20, 2002. Smith filed his notice of appeal on July 11, 2002; it was docketed in this Court on July 18, 2002 and orally argued on October 15, 2002.

lina on other charges when he agreed to speak with police about their investigation into the victim's death. Smith told police that he and another man were hired to kill the victim. Smith and his accomplice asked the victim for a ride home, shot him in the head twice, hid his body in the woods, cleaned the rented U-Haul van, and threw the gun in a pond.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Smith guilty of the crime charged.[2]

2. Smith contends his trial counsel was ineffective in failing to make a timely request for a psychological evaluation and in failing to offer testimony of a psychologist at the *Jackson-Denno*[3] hearing to show that Smith was unable to understand his rights and his waiver of them. The evidence at the motion for new trial hearing showed that trial counsel did not believe that Smith was incompetent or that he had severe problems that limited his comprehension. Despite this belief, trial counsel made a timely request for funds for a psychological evaluation, which was denied. Nevertheless, counsel was able later to obtain a psychological evaluation that showed that Smith was competent with a low average IQ. Counsel presented the results of the evaluation to the jury for its consideration on the issue of whether Smith's statement was knowingly and voluntarily made. Smith has not demonstrated either that trial counsel's performance fell below a reasonable standard of conduct or that there was a reasonable probability that the outcome of the case would have been different but for the deficient performance of counsel.[4] Accordingly, this enumeration of error presents no reversible error.

3. Smith also contends that the trial court erred in admitting his custodial statement. However, the evidence at the *Jackson-Denno* hearing supports the trial court's conclusion that Smith's statement was made knowingly, intelligently, and voluntarily after he was advised of, understood, and waived his *Miranda*[5] rights. Therefore, admission of the statement was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 2003.

*McCullough & Swindell, Hugh J. McCullough*, for appellant.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[4] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[5] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

*J. Thomas Durden, District Attorney, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General,* for appellee.