## S05A0661. JACKSON v. THE STATE.
(620 SE2d 828)

SEARS, Chief Justice.

A Muscogee County jury convicted Robert Jackson of felony murder and possession of a firearm in the commission of a crime for his role in the shooting death of Geandre Maxwell.[1] On appeal, Jackson contends that the evidence was insufficient to sustain the jury's verdict. Because the evidence was sufficient to sustain the verdict, we affirm.

The evidence presented at trial showed that on the evening of September 30, 2000, Maxwell and some acquaintances were gambling in his trailer home in Columbus, Georgia. Robert Jackson, his brother Demarcus Jackson, and Marlon Minster showed up later that evening and joined the game. Shortly thereafter, Robert Jackson left the trailer, retrieved something from his car, and returned to the game. He then produced a gun and told everyone in the trailer to drop their money.

As Jackson was gathering the money, Maxwell turned to run toward the back of the trailer. Jackson shot Maxwell in the back of the head, killing him. Jackson and his two companions then retreated to Jackson's car, counted the stolen money, and fled. Jackson was arrested a few days later in South Carolina.

Jackson testified that he acted in self-defense after Maxwell pointed a gun at him. Police found unused shells, as well as an inoperable magazine for a handgun, in the back of Maxwell's trailer. But all the other witnesses, including Jackson's brother, testified that at the time of the shooting, Maxwell did not possess a gun and posed no threat to Jackson whatsoever. It is the role of the jury, not this Court, to resolve conflicts in the evidence.[2] Accordingly, after reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Jackson guilty beyond a reasonable doubt of felony murder and possession of a firearm in the commission of a crime.[3]

*Judgment affirmed. All the Justices concur.*

---

[1] The crimes were committed on September 30, 2000. On February 27, 2001, Jackson was indicted by a Muscogee County grand jury for malice murder, felony murder during the commission of an aggravated assault, five counts of armed robbery, and six counts of possession of a firearm in the commission of a crime. On May 10, 2001, the jury convicted Jackson of felony murder and one count of possession of a firearm in the commission of a crime, but acquitted him of the remaining charges. Jackson received a life sentence for felony murder, and a consecutive five-year sentence for the possession conviction. Jackson moved for a new trial on May 31, 2002, and amended that motion on December 3, 2004. The trial court denied the motion on December 3, 2004, and Jackson filed a timely notice of appeal. The case was docketed in this Court on December 22, 2004, and submitted for decision without oral argument on February 14, 2005.

[2] *Caldwell v. State*, 263 Ga. 560, 562 (436 SE2d 488) (1993).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED OCTOBER 11, 2005.

*John R. Mobley II*, for appellant.

*J. Gray Conger, District Attorney, Lew S. Barrow, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.