### S07A1633. MARTINEZ v. THE STATE.
(657 SE2d 199)

MELTON, Justice.

Following a jury trial, Jose Guadalupe Martinez was convicted of felony murder and possession of a firearm during the commission of a felony in connection with the shooting death of Heligio Ramirez.[1] Martinez appeals, contending that the trial court erred in denying his motion to suppress his statement to police because Martinez had not made a knowing, intelligent, and voluntary waiver of his rights before giving the statement. For the reasons that follow, we affirm in part and vacate in part.

1. Viewed in the light most favorable to the verdict, the evidence shows that on December 24, 2001, Martinez attended a family party at a relative's home. Martinez arrived at the party with his girlfriend, Erica Weaver, and went into the backyard with other guests. After being in the backyard for about a half hour, Martinez pulled out a Smith and Wesson .357 magnum handgun and shot and killed Heligio Ramirez. Two eyewitnesses at the party saw Martinez shoot Ramirez. Martinez and Ramirez did not know each other, and the eyewitnesses did not hear Martinez or Ramirez speak to each other prior to the shooting. Martinez left the party with Weaver and told her that he had shot Ramirez because Ramirez had been staring at him and looking at him "funny."

Martinez and his girlfriend fled to Tampa, where Martinez was later arrested. Martinez admitted in his statement to police that he had shot Ramirez because Ramirez kept staring at him. Clothing

---

[1] Martinez was indicted on April 11, 2002 for murder, felony murder, possession of a firearm during the commission of a felony, and aggravated assault. Following a jury trial conducted from May 24-28, 2004, Martinez was found guilty of murder, felony murder, and possession of a firearm during the commission of a felony. Martinez was sentenced to life for malice murder, life for felony murder, plus a consecutive five years for possession of a firearm during the commission of a felony. Martinez filed a motion for new trial on June 25, 2004, which he amended on January 2, 2007. The motion was denied on January 24, 2007. Martinez's timely appeal was docketed in this Court on July 12, 2007, and submitted for decision on the briefs.

matching Martinez's at the time of the shooting, ammunition, and a Smith and Wesson .357 magnum handgun were found at Martinez's residence. The medical examiner testified that Ramirez died from two gunshot wounds, one to his neck and one to his abdomen. A GBI firearms examiner testified that the gun recovered from Martinez's home was the same firearm that fired the bullets recovered from Ramirez's body.

The evidence was sufficient to enable a rational trier of fact to find Martinez guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the record reveals that the trial court sentenced Martinez to separate life sentences for malice murder and felony murder. Because Ramirez was the only victim in this case, Martinez could not be sentenced for both malice murder and felony murder. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Accordingly, Martinez's conviction for felony murder is vacated by operation of law. Id.

2. The question whether a defendant made a knowing, voluntary, and intelligent waiver of constitutional rights depends on the totality of the circumstances surrounding a police interrogation. *Norris v. State*, 282 Ga. 430 (2) (651 SE2d 40) (2007). Factual determinations made by the trial court at the *Jackson-Denno* hearing will be upheld on appeal unless clearly erroneous. See *J. E. W. v. State*, 256 Ga. 464 (2) (349 SE2d 713) (1986). Here, Detectives Lorenzo and Bright of the Gwinnett County Police Department interviewed Martinez in Tampa after his arrest. Prior to the interview, Martinez was read his *Miranda* rights, and Martinez agreed to speak with the officers after informing the officers that he understood his rights. No promises or threats were made to Martinez to get him to speak, and at no time did Martinez ask for the questioning to stop. Evidence supported the trial court's conclusion that Martinez made a knowing, voluntary, and intelligent waiver of his rights before making his statement to police. See *Smith v. State*, 276 Ga. 251 (3) (577 SE2d 554) (2003). Accordingly, Martinez's statement was properly admitted at trial. Id.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*Michael M. Sheffield*, for appellant.

*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.