### A08A2248. LUCAS v. THE STATE.
(673 SE2d 309)

JOHNSON, Presiding Judge.

A jury found Armario Marnez Lucas guilty of aggravated child molestation. Lucas appeals, alleging that the evidence was insufficient to support the jury's verdict and that the trial court erred in failing to require the testimony of a witness to his pre-trial statement and in denying his request to charge the jury as to the lesser included offense of sexual battery. We find no error and affirm Lucas' conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the charged offense.[2]

So viewed, the evidence shows that on April 30, 2005, the 11-year-old victim was spending the weekend at the home of her aunt in Vienna. The victim awoke to find her cousin, Lucas, who was 18 years old, touching her under her clothes. Lucas pulled down the victim's pants, pushed her to the floor, and got on top of her. The victim said that Lucas then put his "private part" on her so that it hurt "in [her] bottom." After Lucas got up, the victim ran to the bathroom and noticed "white stuff" in the toilet after she had used it.

---

[1] *Henry v. State*, 274 Ga. App. 139 (616 SE2d 883) (2005).

[2] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (99 SC 2781, 61 LE2d 560) (1979); *Head v. State*, 276 Ga. 131, 133 (1) (575 SE2d 883) (2003).

The victim reported the incident to her mother on May 2, 2005, and she was examined by a pediatrician on May 5, 2005. The doctor determined that the victim's anus had been penetrated by something consistent with an adult penis within the last week. On May 6, 2005, Lucas was interviewed by an agent with the Georgia Bureau of Investigation (GBI). When asked about the allegations made by the victim, Lucas told the agent he "can't say if it's wrong or if it's right" and that the victim may have "tried to mess with [him] while [he] was asleep."

1. Lucas contends that the evidence was insufficient to support his conviction for aggravated child molestation.[3] While Lucas testified that he did not molest the victim, "[r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[4] As long as there is some competent evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[5] Because the jury was authorized to believe the testimony of the victim, as well as the expert witnesses who testified on behalf of the state, this enumeration is without merit.[6]

2. Lucas also claims the trial court erred in finding that his pre-trial statement was voluntarily given because the court failed to require the testimony of a witness to the statement. We disagree.

At the conclusion of the *Jackson-Denno*[7] hearing, Lucas requested that the state be required to present an employee of the Dooly County Department of Family and Children Services who was present when Lucas gave his statement to the GBI agent on May 6, 2005. However, when the state offered to produce the employee at a continuation of the hearing, Lucas apparently withdrew his request. In any event, we have already held that a defendant is not entitled at a *Jackson-Denno* hearing to the testimony of everyone present when a pre-trial statement is made.[8] Lucas has provided no evidence to suggest that his statement was not voluntarily given or that the requested witness had indispensable evidence in that regard.[9] Accordingly, the trial court's determination that Lucas' pre-trial statement was voluntarily given was not clearly erroneous.[10]

---

[3] See OCGA § 16-6-4 (c).

[4] (Citation omitted.) *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[5] *McMillian v. State*, 263 Ga. App. 782, 783-784 (1) (589 SE2d 335) (2003).

[6] *McKinney v. State*, 269 Ga. App. 12, 16 (2) (602 SE2d 904) (2004).

[7] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[8] *Mungin v. State*, 183 Ga. App. 290, 290-291 (1) (358 SE2d 673) (1987).

[9] See *Copeland v. State*, 162 Ga. App. 398, 399-400 (3) (291 SE2d 560) (1982).

[10] See *Martinez v. State*, 283 Ga. 122, 123 (2) (657 SE2d 199) (2008).

3. Lucas also claims that the trial court erred in denying his request to charge the jury as to the lesser included offense of sexual battery. A trial court may refuse a requested charge that is not adequately adjusted or tailored to the facts of the case.[11] Here, the victim's testimony, if believed, would establish that Lucas committed the crime of aggravated child molestation pursuant to OCGA § 16-6-4 (c). Because Lucas denied any sexual contact with the victim, no evidence presented by either side authorized a finding of sexual battery.[12] "Where the evidence shows either the completed offense as charged or no offense . . . the court should not charge on the lesser grades of the offense."[13] The trial court, therefore, did not err in refusing to charge the jury as to sexual battery.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED FEBRUARY 4, 2009.

*Jason P. Carini, Harold B. Baker, Timothy L. Eidson, Lisa M. Palmer*, for appellant.

*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney*, for appellee.

---

[11] *Brown v. State*, 240 Ga. App. 321, 324 (4) (523 SE2d 333) (1999).

[12] See *Strickland v. State*, 223 Ga. App. 772, 777 (1) (b) (479 SE2d 125) (1996).

[13] *Burley v. State*, 172 Ga. App. 34, 35 (3) (b) (321 SE2d 783) (1984).