## S08A2009. REED v. THE STATE.

(673 SE2d 246)

MELTON, Justice.

Following a jury trial, Malcom Reed was found guilty of felony murder.[1] On appeal, Reed contends that the evidence was insufficient to sustain his conviction, that the trial court erred with respect to its jury charge on felony murder and with respect to certain evidentiary matters, and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, on April 20, 2007, while Reed was sitting in the passenger seat of a Lincoln Navigator, he shot and killed Marcus Eiland. An eyewitness, Virginia Brown Sears, saw that the shots that killed Eiland came from inside the Navigator as Eiland was riding away on a bicycle. Brian Copeland was later identified as the driver of the Navigator, and Copeland led police to the .45 caliber pistol used to shoot Eiland. Copeland gave a statement to police implicating Reed as the shooter. Reed was arrested, and he gave a videotaped statement to police admitting to shooting Eiland. At trial, Reed's statement was admitted into evidence. The evidence was sufficient to enable a rational trier of fact to find Reed guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-5-21 (a) (3) (aggravated assault by "discharging a firearm from within a motor vehicle toward a person or persons"); *Jackson v. State*, 279 Ga. 721 (620 SE2d 828) (2005) ("It is the role of the jury, not this Court, to resolve conflicts in the evidence") (footnote omitted).

2. Reed argues that the trial court erred in allowing Copeland to selectively invoke his Fifth Amendment right against self-incrimination during direct and cross-examination. However, the record reveals that Reed never objected to Copeland asserting his Fifth Amendment privilege during his testimony. He has therefore waived review of this issue on appeal. *Hoerner v. State*, 246 Ga. 374 (3) (271 SE2d 458) (1980).

3. Reed contends that the trial court erred in admitting into evidence his videotaped statement to police. Specifically, Reed claims that, because he initially only wanted to speak to police off camera, he did not knowingly and intelligently waive his rights before making his videotaped statement. However, the question whether a

---

[1] On July 11, 2007, Reed was indicted for malice murder and felony murder (aggravated assault). Following a November 5-9, 2007 jury trial, the jury found Reed guilty of felony murder, but not guilty of malice murder. On November 9, 2007, Reed was sentenced to life imprisonment for felony murder. Reed filed a motion for new trial on November 14, 2007, which he amended on May 29, 2008. The motion was denied on June 17, 2008. Reed's timely appeal was docketed in this Court on August 12, 2008, and submitted for decision on the briefs.

defendant made a knowing, voluntary, and intelligent waiver of constitutional rights depends on the totality of the circumstances surrounding a police interrogation. *Norris v. State*, 282 Ga. 430 (2) (651 SE2d 40) (2007). In this connection, factual determinations made by the trial court at the *Jackson-Denno* hearing will be upheld on appeal unless clearly erroneous. See *J. E. W. v. State*, 256 Ga. 464 (2) (349 SE2d 713) (1986). Here, Reed was properly informed of his *Miranda* rights, and he agreed to speak with Detective Ward after signing a waiver of rights form and informing Detective Ward that he understood his rights. No promises or threats were made to Reed to get him to speak. Initially, Reed stated that he wanted to speak to Detective Ward off camera, and Detective Ward complied with Reed's request. After Reed spoke with Detective Ward off camera, Detective Ward then asked Reed if the police could videotape his statement, and Detective Ward reviewed the *Miranda* warnings and waiver of rights form with Reed once again. Reed then agreed to give a videotaped statement, and at no time did Reed ask for the questioning to stop. Evidence supported the trial court's conclusion that Reed made a knowing, voluntary, and intelligent waiver of his rights before making his videotaped statement to police. See *Smith v. State*, 276 Ga. 251 (3) (577 SE2d 554) (2003). Accordingly, Reed's statement was properly admitted at trial. Id.

4. Reed asserts that the trial court erred in its jury charge on felony murder, because the trial court gave an instruction on aggravated assault by use of a deadly weapon instead of an instruction on the underlying felony actually charged in the indictment — aggravated assault by firing a weapon from within a vehicle. However, as part of its charge, the trial court also read the aggravated assault count exactly as it appeared in the indictment, and further instructed the jury that the State must prove "each element of the crime as charged . . . beyond a reasonable doubt." See *Tesfaye v. State*, 275 Ga. 439, 441 (3) (569 SE2d 849) (2002). As a result, "[t]here is no reasonable probability that the jury could have convicted [Reed] based on the trial court's instructional deviation from the language of the indictment." (Citation omitted.) *Mitchell v. State*, 283 Ga. 341, 343 (1) (659 SE2d 356) (2008).

5. Reed contends that the trial court erred in denying his motion for new trial because the State did not use its peremptory strikes in a racially neutral manner. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The record reveals, however, that Reed did not raise any *Batson* challenge prior to the jury being sworn. "Because [Reed] failed to raise this issue prior to the time the jurors were sworn, he did not properly preserve it for our review." (Citation and punctuation omitted.) *Valdivia v. State*, 283 Ga. 140 (2) (657 SE2d 230) (2008).

6. Reed submits that his trial counsel was ineffective because he was not prepared for trial. In order to succeed on a claim of ineffective assistance, Reed must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In reviewing the trial court's decision, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cit.]" (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Reed's counsel testified at the motion for new trial hearing that he met with Reed on two occasions, interviewed witnesses, conducted discovery, reviewed the statements of the State's key witnesses, made strategic decisions about the witnesses that he chose to call and those that he chose not to call, that he made a strategic decision about his refusal to object to Copeland's assertion of his Fifth Amendment privilege during portions of his testimony, that he did not object to the State's use of its peremptory strikes because he believed that the State had race-neutral reasons for its use of the strikes, that he had adequate time to prepare for trial (and was in fact "totally prepared"), and that he could not think of anything in the case that he should have done that he did not do.[2] Despite this testimony, Reed's appellate counsel argues several ways in which, in retrospect, he believes that trial counsel should have pursued the case, all in an effort to show that counsel was unprepared. Such after the fact disagreements about trial counsel's approach to the case, however, do not amount to a showing of ineffective assistance of trial counsel. Indeed,

> [w]hile other counsel, had they represented appellant, may have exercised different judgment, the fact that trial counsel chose to try the case in the manner in which it was tried, and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the

[2] To the extent that Reed has based his ineffectiveness claims on counsel's strategic decisions not to object to the State's use of its peremptory strikes, to object to Copeland's sporadic assertion of his Fifth Amendment privilege, or to call additional witnesses, such arguments are without merit. See, e.g., *Smith v. State*, 283 Ga. 237 (2) (657 SE2d 523) (2008). Additionally, as shown in Divisions 3 and 4, supra, counsel's failure to object to the trial court's jury instructions or to make additional arguments for the suppression of Reed's videotaped statement could not have amounted to ineffective assistance, because such objections would have been futile. See *Ventura v. State*, 284 Ga. 215 (4) (663 SE2d 149) (2008); *Sampson v. State*, 282 Ga. 82 (6) (646 SE2d 60) (2007).

representation below was so inadequate as to amount to a denial of effective assistance of counsel.

(Citation omitted.) *Lewis v. State*, 246 Ga. 101, 105 (3) (268 SE2d 915) (1980); see also *Turpin v. Bennett*, 270 Ga. 584 (2) (513 SE2d 478) (1999). Here, evidence supported the trial court's conclusion that Reed failed to carry his burden of showing deficient performance or prejudice relating to his counsel's preparation for or performance at trial. See, e.g., *Smith v. State*, 283 Ga. 237 (2) (657 SE2d 523) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 2009.

*Patrick S. Ferris*, for appellant.

*Richard E. Currie, District Attorney, John A. Rumker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.