## S09A2076. STEVENS v. THE STATE.

(690 SE2d 816)

BENHAM, Justice.

Appellant Daquan Stevens appeals his conviction for malice murder, participation in criminal street gang activity, criminal attempt to commit armed robbery, two counts of aggravated assault, and possession of a firearm during the commission of a felony.[1] For reasons stated below, we affirm.

1. Viewed in a light most favorable to the verdict, the evidence reveals appellant was a member of a gang that referred to itself as the International Robbing Crew ("IRC") and which was engaged in numerous criminal activities, including robbery, burglary, and murder. On May 22, 2007, the gang, including appellant, followed Randy Griffin to his townhouse with the intent to rob him. Appellant was in a car that followed Griffin as he left a club on his way home. There was a second car of gang members already lying in wait at Griffin's townhouse complex. Appellant alerted the gang members in the second car that Griffin was approaching his home. The gang members in the second car engaged in a shootout with Griffin during which Griffin's girlfriend Lacey Magee suffered a gunshot wound to her hand. Meanwhile, the car in which appellant was riding arrived just outside Griffin's townhouse complex as the shootout was occurring. In a panic, Randy Griffin ran outside the complex and entered the car occupied by appellant and told the occupants he had just been robbed and his girlfriend shot. At that point, appellant and his cohorts elected not to kill Griffin for fear of being recorded by street surveillance cameras. When the second vehicle exited the townhouse complex, Griffin exited appellant's car and started shooting at the

---

[1] On November 2, 2007, appellant was indicted by a Fulton County grand jury for approximately 24 criminal counts related to several robberies and murders. At the time, appellant was one of nine defendants who, collectively, were indicted on 39 criminal charges. On June 27, 2008, appellant was re-indicted. At that time, appellant was one of twelve defendants who, collectively, were indicted on 60 criminal charges. In April and May of 2009, appellant was tried jointly with five other defendants (Carlos Drennon, Maurice Hargrove, Edward Morris, Vincent Morris, and Tiffany Bankston) for ten criminal charges. On May 4, 2009, a jury found appellant guilty of the malice murder of Randy Griffin, participation in criminal street gang activity, criminal attempt to commit armed robbery, aggravated assault of Randy Griffin, aggravated assault of Lacey Magee, possession of a firearm during the commission of a felony, and conspiracy to commit murder (which count merged into malice murder). The jury acquitted appellant of felony murder, aggravated assault with a deadly weapon, and another count of possession of a firearm during the commission of a felony. The trial court sentenced appellant to life in prison for malice murder; sentenced him to serve consecutively ten years for attempted robbery; sentenced him to serve consecutively twenty years for each of the two counts of aggravated assault; sentenced him to serve consecutively five years for possession of a firearm during the commission of a crime; and sentenced him to serve consecutively fifteen years for criminal street gang activity. Appellant timely filed a notice of appeal on June 3, 2009. The case was docketed in this Court on August 27, 2009, and submitted for a decision on the briefs.

second vehicle as it drove away. Appellant and the remaining gang members left the scene as well.

During the shootout, two IRC members were wounded and one of them, Carlos Drennon, sought treatment at the same hospital as the victim Magee. While at the hospital, Griffin identified Drennon to police and they arrested Drennon at the hospital and soon jailed him on charges related to the attempted robbery of Griffin. The next day, the gang, including appellant, met and decided to target Griffin to be murdered. That same day, they took steps to that end by arming themselves with guns and going to Griffin's place of employment, but they did not find Griffin at that time. Less than a month later, on June 10, 2007, three gang members encountered Griffin at a club and two of them shot Griffin a total of five times. The fatal shot caused a bullet to enter Griffin's back, pierce his right lung and damage his pulmonary artery before the bullet exited through his chest.[2] Griffin died at the scene. After the shooting, appellant and other gang members alerted Drennon, who was still in jail, that Griffin had been killed.

At trial, several witnesses, including Atlanta Police Detective David Quinn, Marciell Easterling, a member of the IRC, Tiffany Bankston, Drennon's girlfriend, and Gary Lester, who had dealings with the gang and became their victim, testified to the facts and circumstances of the IRC's criminal activities, corroborating appellant's participation in the crimes for which he was charged. The State also admitted into evidence the defendants' custodial statements to authorities, recordings of Drennon's jailhouse telephone conversations with various gang members including appellant, two guns used in the attempted robbery of Griffin, and cellular phone records placing gang members in the vicinity of the site of Griffin's murder at the time it occurred. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, participation in criminal street gang activity, criminal attempt to commit armed robbery, two counts of aggravated assault, and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Nelms v. State*, 285 Ga. 718 (1) (681 SE2d 141) (2009); *Matthews v. State*, 284 Ga. 819 (1) (672 SE2d 633) (2009); *Cummings v. State*, 273 Ga. 547 (1) (544 SE2d 429) (2001); *In the Interest of X. W.*, 301 Ga. App. 625 (688 SE2d 646) (2009); OCGA § 16-15-4.

2. Appellant contends the trial court erred when it failed to

---

[2] The other four shots did not create wounds sufficient to cause Griffin's death.

suppress his November 7, 2007, interview with police. During the interview, appellant made numerous incriminating statements. He argues the interview should have been suppressed because he was represented by counsel at the time of his interview and because he was offered a hope of benefit in violation of OCGA § 24-3-50. Appellant's arguments are not borne out by the record.

Whether a defendant knowingly and intelligently waives his constitutional rights depends on the totality of the circumstances and the trial court's factual determinations on such matters will be upheld unless clearly erroneous. *Reed v. State*, 285 Ga. 64 (3) (673 SE2d 246) (2009); *Bell v. State*, 284 Ga. 790 (2) (671 SE2d 815) (2009). Here the record reveals appellant contacted Detective Quinn on November 4, 2007, to turn himself in and appellant was arrested three days later on November 7. The custodial interview occurred the same day as appellant's arrest. Our review of the interview transcript shows that immediately prior to the interview, authorities read appellant his *Miranda* rights and made appellant aware of his right to have a lawyer present; appellant acknowledged he was familiar with custodial procedures because he had been arrested on prior occasions; appellant orally confirmed he understood his rights; and appellant signed a waiver of counsel form which was entered into evidence at trial. The record is devoid of any evidence that appellant received any hope of benefit in exchange for making his statement to police. Appellant was not threatened in any way and the transcript reveals Detective Quinn repeatedly told appellant that the police could not promise him anything or make any deals. Under these circumstances, it was not erroneous for the trial court to conclude appellant knowingly and intelligently waived his right to counsel and to deny appellant's motion to suppress. *Roberts v. State*, 282 Ga. 548 (2) (651 SE2d 689) (2007).

3. On April 23, 2008, appellant, with the assistance of his attorney, entered into a proffer agreement with the State. Appellant argues on appeal that the enforcement of this proffer agreement hindered his ability to challenge the State's case. This enumeration is without merit because there is nothing in the record indicating that any evidence divulged pursuant to the April 2008 proffer agreement was presented at trial. Appellant's November 2007 custodial interview, which was played to the jury at trial, pre-dated the proffer agreement and was not subject thereto. Accordingly, this enumeration of error fails to state any basis to reverse the conviction.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 2010.

*Phillip R. Peacock*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *David A. Zisook*, Assistant Attorney General, for appellee.