S13A0161. BAUGH v. THE STATE.
(743 SE2d 407)

MELTON, Justice

Following a jury trial, Charles Baugh appeals his conviction for felony murder, aggravated assault, attempt to commit armed robbery, possession of a firearm during the commission of a felony, and cruelty to children,[1] contending that the evidence was insufficient to

---

[1] On December 13, 2005, Baugh was indicted for the felony murder and aggravated assault of Gary Stanton; the aggravated assault and criminal attempt to commit armed robbery of Quashanti Murphy; as well as burglary, possession of a firearm during commission of a felony, and cruelty to children in the third degree. Following a trial ending on March 5, 2007, a jury found Baugh guilty on all counts. The trial court thereafter sentenced Baugh to life imprisonment for felony murder and a consecutive twenty-year sentence for aggravated assault. Baugh also received a ten-year concurrent sentence for criminal attempt to commit armed robbery, a

support the verdict, he received ineffective assistance of counsel, and the trial court erred in refusing to give the jury a charge of voluntary manslaughter. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on September 17, 2005, Baugh and his co-defendant, Walter Whitten, broke into the home of Gary Stanton. Only Stanton's wife, Quashanti Murphy, and the Stantons' daughter were in the house at the time. After hearing the intruders, Murphy went upstairs to her bedroom with her daughter and called Stanton. Stanton told Murphy to stay upstairs and that he was on his way home. Moments later, Whitten entered Murphy's bedroom, and, in front of Murphy's daughter, put a gun to Murphy's head while repeatedly hitting her and demanding money. Downstairs, Baugh searched for drugs to steal. Finding none, Baugh started to go upstairs. Stanton returned home at the same time, firing a gun in Baugh's direction. Baugh returned fire and then ran into the bedroom, jumping out of the window with Whitten following behind him. Stanton was hit by Baugh's gunfire and died from a resulting chest wound.

As a result of the ensuing investigation, Baugh turned himself in, and he was then interviewed by police. Prior to the interview, police read Baugh his *Miranda* rights. Baugh also read aloud and signed a waiver of rights form. Baugh then admitted to entering the house and shooting at the victim. He also showed police his injuries caused by jumping out the window and told them where to find the gun used to shoot Stanton. Police retrieved the gun, and a GBI forensic testing showed that the bullet recovered from Stanton's body was shot from Baugh's gun. Baugh agreed to have his statement videotaped and transcribed, both versions of which were presented at trial along with Baugh's testimony.

This evidence was sufficient to enable a rational trier of fact to find Baugh guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Baugh contends that he received ineffective assistance of counsel because trial counsel made no motion to suppress Baugh's confession. Specifically, Baugh contends that his confession was

---

five-year consecutive sentence for possession of a firearm during the commission of a felony, and a twelve-month concurrent sentence for cruelty to children in the third degree. The burglary and the remaining aggravated assault counts merged with felony murder for sentencing purposes. The trial court allowed Baugh to file an out-of-time motion for a new trial on April 13, 2007. Subsequently, two amended motions were filed on January 28, 2011 and March 22, 2011. Following a hearing on March 22, 2011, the trial court denied the motion for new trial in an order filed March 31, 2011. Baugh's timely appeal, docketed to the January 2013 term of this Court, was submitted for decision on the briefs.

neither knowing nor voluntary because he lacked the mental capacity to understand his rights.

> In order to succeed on his claim of ineffective assistance, [Baugh] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Lytle v. State*, 290 Ga. 177, 180 (4) (718 SE2d 296) (2011).

Trial counsel's performance was not deficient. To determine Baugh's competency to stand trial, trial counsel had Baugh evaluated by an expert. The expert found that Baugh's I.Q. was around 70 and that Baugh was "slow," but competent to stand trial. Based on this report, trial counsel chose to pursue a self-defense theory based on Baugh's account of the events instead of a mental health defense, which trial counsel did not consider to be a viable option. Later, at the sentencing stage, trial counsel presented evidence of Baugh's below-average test results as mitigating factors.

Though Baugh argues that earlier presentation of his mental deficiencies would have likely resulted in a suppression of his statement to police, and thus a different outcome at trial, "[s]uch after the fact disagreements about trial counsel's approach to the case . . . do not amount to a showing of ineffective assistance of trial counsel." *Reed v. State*, 285 Ga. 64, 66 (6) (673 SE2d 246) (2009).

> While other counsel, had they represented appellant, may have exercised different judgment, the fact that trial counsel chose to try the case in the manner in which it was tried, and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel.

(Citation omitted.) *Lewis v. State*, 246 Ga. 101, 105 (3) (268 SE2d 915)

(1980); see also *Turpin v. Bennett*, 270 Ga. 584 (2) (513 SE2d 478) (1999). The only evidence of record indicates that Baugh was competent to stand trial, and Baugh has provided no similar evidence that he was incapable of understanding his *Miranda* rights at the time that they were given. Here, evidence supported the trial court's conclusion that Baugh failed to carry his burden of showing ineffective assistance of counsel.

3. Finally, Baugh contends the trial court erred in refusing to give a requested charge on voluntary manslaughter. A person commits voluntary manslaughter when he causes the death of another "if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a).

Baugh testified he was headed downstairs to leave the house when the victim came home, firing a gun in his direction. Baugh further claims the "unexpected" shots fired by the victim scared him, causing him to return fire in the direction of the victim as a "reflex." This Court has repeatedly held, however, that "acting out of fear is not the same as acting in the heat of a sudden irresistible passion" as required by OCGA § 16-5-2 (a). See *Funes v. State*, 289 Ga. 793, 795 (2) (716 SE2d 183) (2011); *Davidson v. State*, 289 Ga. 194, 196-197 (2) (709 SE2d 814) (2011). Accordingly, the trial court did not err by denying a charge on voluntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 2013.

*Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General*, for appellee.