S13A1020. MORRIS v. THE STATE.

(751 SE2d 74)

HUNSTEIN, Justice.

Appellant Edward Morris was convicted of murder, aggravated assault, criminal street gang activity, and related offenses in connection with incidents involving victims Randy Griffin and Lacey Magee in May and June of 2007. Morris appeals his judgment of conviction, contending that the trial court erred by refusing to sever a particular count from the others at trial and by admitting certain expert testimony, and that the State failed to prove venue. Finding no error,

we affirm.[1]

1. Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established as follows.[2] Morris was a member of the "International Robbing Club" or "IRC," a loosely affiliated group of friends and associates who planned and executed so-called "licks," robberies of individuals believed to possess significant amounts of cash, drugs, jewelry, and other high value items. In May 2007, IRC members targeted Griffin, a jewelry merchant who regularly wore flashy jewelry. In the early hours of May 22, 2007, Morris and various co-indictees followed Griffin as he was driving home from a nightclub, intending to rob him. When Griffin and Magee, his girlfriend, pulled into Griffin's driveway and exited their cars, shots were fired at them from a gold Toyota Avalon occupied by Morris and co-defendants Carlos Drennon, Maurice Hargrove, and Vincent Morris. Magee was shot in the hand, and Griffin returned fire. The Avalon drove off, with both Drennon and Vincent Morris having been shot. Following the incident, Magee and Drennon were treated for their injuries at the same hospital, and Griffin, who had accompanied Magee to the hospital, identified Drennon as one of their assailants, leading to Drennon's arrest.

Less than three weeks later, in the early morning hours of June 10, 2007, Griffin was shot and killed outside Club 112, a Midtown nightclub. State's witness Marciell Easterling, a co-indictee who testified under an immunity agreement, testified that IRC members,

---

[1] Morris was one of twelve defendants charged in a 60-count indictment returned by a Fulton County grand jury in June 2008. In April and May of 2009, Morris was tried jointly with five of his co-indictees (Daquan Stevens, Carlos Drennon, Maurice Hargrove, Vincent Morris, and Tiffany Bankston) on ten of the 60 counts. On May 4, 2009, the jury found Morris guilty on nine of the ten counts and sentenced Morris as follows: (1) life imprisonment for the malice murder of Griffin in June 2007; (2) ten years consecutive for the attempted armed robbery of Griffin in May 2007; (3) 20 years concurrent for the aggravated assault of Griffin in May 2007; (4) 20 years consecutive for the aggravated assault of Lacey Magee; (5) five years consecutive for firearm possession during commission of the aggravated assaults; and (6) 15 years consecutive for criminal street gang activity. Morris was found not guilty on an additional firearm possession count, and his convictions on the remaining three counts for felony murder, conspiracy to murder, and aggravated assault merged for sentencing purposes with his malice murder conviction. In total, Morris was sentenced to life imprisonment plus terms of fifty consecutive years. On May 29, 2009, Morris filed a motion for new trial, and the trial court specially set the motion for hearing on August 1, 2012. On July 31, 2012, the trial court signed a consent order allowing Morris to withdraw his motion for new trial, reserving all issues for appeal. Morris filed his notice of appeal on August 16, 2012, and the appeal was docketed to the April 2013 term of this Court. The case was orally argued on September 9, 2013, after which it was submitted for this Court's disposition.

[2] We have previously summarized the evidence presented in this case as to co-defendant Stevens, see Stevens v. State, 286 Ga. 692 (690 SE2d 816) (2010) (affirming Stevens' convictions), as has the Court of Appeals as to co-defendant Vincent Morris. Morris v. State, 322 Ga. App. 682 (746 SE2d 162) (2013) (affirming Vincent Morris' convictions).

including Morris, had planned Griffin's murder to retaliate for Drennon's arrest. Easterling also testified that he had heard Morris recount how he and others drove to Club 112 on the night of the murder and waited for Griffin to emerge, at which point two of Morris' confederates fired at Griffin. Morris' presence at the scene of the murder was corroborated by cell tower triangulation evidence placing Morris' cell phone at the crime scene at the time of the shooting. In addition, a former girlfriend of Morris told police that Morris had told her he had been present when Griffin was killed and that Hargrove had been the triggerman.

Easterling also implicated the IRC in several crimes in addition to those involving Griffin. These crimes included a September 2006 attack on, kidnapping of, and burglary of the home of victim Gary Lester. Lester, who had previously had dealings with Morris and other IRC associates, corroborated Easterling's account and identified Morris as a participant in his abduction. Easterling also implicated Morris and other IRC members in the murder of Clarence Hargrave, who was shot and his car stolen close in time to the Lester incident. Similarly, Easterling testified that Morris had been present at the murder of Dwayne Osby in the course of a home invasion committed by IRC members in May 2007.

The State also presented Detective David Quinn, who testified about information he received regarding various IRC-perpetrated crimes from Drennon, who had been acting as an informant prior to his arrest for the attempted armed robbery of Griffin. In addition, the State called Sergeant A.C. Lyda, a DeKalb County police officer, who testified as an expert regarding the general activities and culture of criminal street gangs.

At the close of the State's case, on motion for directed verdict, the trial court ruled that there was insufficient evidence to support a finding that Morris was involved in the Osby and Hargrave murders, because the only evidence presented was the uncorroborated testimony of Easterling, an accomplice. See former OCGA § 24-4-8 (uncorroborated testimony of a single accomplice insufficient to support felony conviction).[3] Thus, the trial court ruled that those two crimes could not serve as the basis for convicting Morris of participation in criminal street gang activity. In the jury charge, the trial judge instructed that "you are not to consider the Osby or the Hargrave case in determining [Morris'] guilt or innocence as to Count One [the criminal street gang activity count]."

---

[3] Under the new Georgia Evidence Code, that provision now appears at OCGA § 24-14-8.

Though Morris has not asserted that the evidence was insufficient to sustain his convictions, we nonetheless find that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Morris was guilty of criminal street gang activity, murder, attempted armed robbery, and the various other crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, Morris contends that the trial court erred by "refus[ing] to grant a severance of the Hargrave and Osby counts." The decision whether to grant a severance lies within the discretion of the trial court. *Mapp v. State*, 258 Ga. 273 (3) (368 SE2d 511) (1988); OCGA § 17-8-4 (a). In considering whether severance is necessary where a pattern of similar offenses against different victims are charged in a single indictment, the trial court must assess " 'whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" *Green v. State*, 279 Ga. 455, 457 (2) (614 SE2d 751) (2005).

As an initial matter, we note that the specific counts involving the Hargrave and Osby murders *were* in fact severed prior to trial, and none of the ten counts on which Morris and his co-defendants were tried charged him or the others specifically with involvement in either of these murders. Thus, we understand Morris' argument to be that he was unfairly prejudiced by the admission of evidence regarding the Hargrave and Osby murders and, in particular, the admission of Easterling's testimony placing Morris at the scene of those murders.

The evidence regarding the Hargrave and Osby murders was admitted as relevant to Count 1, alleging the co-defendants' participation in criminal street gang activity. See OCGA § 16-15-4 (making it unlawful for any person associated with a criminal street gang to engage in criminal street gang activity); see also OCGA § 16-15-3 (1) (enumerating offenses that constitute "criminal gang activity," including offenses involving violence or weapons), (2) (defining "criminal street gang" as a "group of three or more persons associated in fact, whether formal or informal, which engages in criminal gang activity"). Though the trial court ultimately found that the State had not adduced any evidence, apart from accomplice Easterling's testimony, connecting Morris with the Hargrave and Osby murders, there was corroborating evidence linking certain of Morris' co-defendants with these crimes. Therefore, the trial court properly admitted the Hargrave/

Osby evidence as relevant to both the IRC's existence as a "criminal street gang" and to certain co-defendants' participation in criminal street gang activity.[4]

In so doing, the trial court was careful to advise the jury on several occasions during trial, including prior to Easterling's testimony, that evidence regarding crimes not specifically charged in the indictment was offered as proof of the gang activity count; that for purposes of the gang activity count, a particular defendant's involvement in such predicate offenses must be shown beyond a reasonable doubt; and that they should "listen carefully as to which defendants are named" in testimony pertaining to such offenses and not allow testimony regarding one co-defendant to "bleed over to somebody that was never mentioned." Moreover, after the close of evidence, the trial court specifically instructed the jury not to consider evidence regarding the Hargrave and Osby murders in their deliberations on Morris' guilt under Count 1.

In light of the obvious relevance of the Hargrave/Osby evidence to the gang activity count generally, the careful measures the trial court employed throughout the trial to prevent evidence pertaining to other defendants from unfairly tainting Morris, and the strong evidence linking Morris to the IRC and to the crimes against Griffin, Magee, and Lester, we find no abuse of discretion on the part of the trial court in allowing the admission of evidence regarding the Hargrave and Osby murders.

3. Morris also challenges the trial court's decision to admit Sergeant Lyda's expert testimony regarding gang activity and culture. Testimony regarding the characteristics of street gangs was clearly relevant to establishing that the IRC was in fact a "criminal street gang," as was required to prove Count 1. See OCGA § 16-15-4. Moreover, the relatively brief testimony of Sergeant Lyda regarding gangs generally was dwarfed by the magnitude of testimony of the many witnesses offering evidence implicating Morris in specific crimes of violence. Therefore, even assuming arguendo that the trial court erred in allowing Sergeant Lyda's testimony, it is highly probable that any such error did not contribute to the jury's verdicts. See *Boothe v. State*, 293 Ga. 285 (2) (b) (745 SE2d 594) (2013).

4. In Morris' final enumeration, he contends that the State failed to prove venue for the murder of Randy Griffin. This contention is without merit, as the record shows unequivocally that Club 112 was

---

[4] The record reflects that the trial court considered bifurcating the trial as to Count 1 but ultimately declined to do so. Morris does not challenge this particular ruling.

located at an address in Fulton County and that the Fulton County Medical Examiner's Office performed Griffin's autopsy.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 2013.

*Stephen R. Scarborough*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.