**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 15, 2025**

# In the Court of Appeals of Georgia

A25A1045. LUTZ v. THE STATE.

BROWN, Chief Judge.

Gary Ray Lutz appeals from his convictions of aggravated child molestation, cruelty to children in the first degree, and two counts of aggravated sexual battery. In his sole enumeration of error on appeal, Lutz claims that he is entitled to a new trial because his trial attorney's strategy to forgo a valid hearsay objection to the introduction of the victim's forensic interview was an objectively unreasonable trial strategy. For the reasons explained below, we disagree and affirm.

In order to succeed on his ineffective assistance of counsel claim, Lutz must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984). If an appellant fails

to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV). In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Baugh v. State*, 293 Ga. 52, 54 (2) (743 SE2d 407) (2013). "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case." (Citation and punctuation omitted.) *Stinson v. State*, 352 Ga. App. 528, 541-542 (4) (835 SE2d 342) (2019). "[D]eficiency cannot be demonstrated by merely arguing that there is another, or even better, way for counsel to have performed." (Citation and punctuation omitted.) *Richards v. State*, 306 Ga. 779, 782 (2) (a) (833 SE2d 96) (2019). "[A] tactical or strategic decision made by counsel cannot form a basis for ineffective assistance of counsel unless it was so patently unreasonable that no competent attorney would have chosen it." (Citation and punctuation omitted.) *McNair v. State*, 296 Ga. 181, 183 (2) (766 SE2d 45) (2014).

Lutz asserts that trial counsel should have objected to the introduction of the victim's forensic interview because she was more than 16 years of age at the time of the interview. As relevant here, OCGA § 24-8-820 (a) states:

> A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child by another or with or on another in the presence of such child shall be admissible in evidence by the testimony of the person to whom made . . . [provided] such child testifies at the trial, unless the adverse party forfeits or waives such child's testimony as provided in this title.

"[I]f a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible." OCGA § 24-8-802. Before the start of trial, the issue of the admissibility of the forensic interview was brought to the trial court's attention by the State, and Lutz's trial counsel acknowledged that the defense would be waiving a hearsay objection to it based on his opinion that it was "the most important piece of evidence in this case and I think the video needs to be seen by the jury." When the trial court asked, "You want the jury to hear it?[,]" trial counsel confirmed, "Absolutely." During the motion for new trial hearing, trial counsel explained that if "in the video . . . it could appear that she is not very credible[,] . . . I would want the jury to see that specifically, so . . . . You

know, I honestly can't recall in this situation, but, . . . that would be a scenario where . . . sometimes I want the jury to see everything." He also explained that "none of this is black and white" and that "it is very subjective as to whether or not somebody is telling the truth, somebody's credible, [or] their story makes sense[.]" After being shown the waiver of the hearsay objection in the trial transcript, he agreed that his overall defense strategy in the trial was that the victim was lying, and with the admission of the forensic interview, he could point out inconsistencies between her trial testimony and the forensic interview.

The record shows that during closing argument, Lutz's counsel began with a reference to the inconsistencies acknowledged by the State in its closing, asserting "there's a lot of inconsistencies and they're not so little." He further argued:

> Ladies and gentleman, the truth doesn't change. The truth doesn't morph into different versions. The truth stays consistent. If you remember my opening, I told you that the only evidence that the State was going to have were [the victim's] statements. . . . There's the version she gave during the forensic interview. And then there's what she told [her friend].

He also pointed out "different variations of the stories that she gives about this abuse, who was present, who wasn't present, when it occurred, whether [Lutz] didn't say

something to her while it was occurring, whether it was him coming into her room at nighttime versus: it was always when [the victim] was on the bed playing video games."

In light of the inconsistencies between what the victim said during the forensic interview, her statements to others, and her testimony at trial,[1] we cannot conclude that trial counsel's strategy of waiving the hearsay objection was so patently unreasonable that no competent attorney would have chosen it. See *Henry v. State*, 316 Ga. App. 132, 134 (2) (729 SE2d 429) (2012) (rejecting ineffective assistance claim premised on trial counsel's strategy of forgoing hearsay objection to testimony of investigating officer in order to show discrepancies between what the child told a forensic interviewer and what his mother reported the child as previously saying about the sexual abuse to the investigating officer ). We are not persuaded by Lutz's argument that this strategy was patently unreasonable because it allowed the introduction of testimony by the forensic interviewer that he did not observe signs of

---

[1] These inconsistencies included whether Lutz did or did not speak to her about telling others about what had happened; whether the incidents happened at night when Lutz "would come in and touch her during the nighttime" or while she was playing video games in Lutz's room; and whether her grandfather was or was not present in the home when the incidents occurred.

coaching, that the victim's statements were consistent in the interview, that she was resistant to suggestibility, that her demeanor was consistent with a person who had been sexually abused, and that inconsistencies between the victim's forensic interview and her trial testimony would not surprise him. During cross-examination of the forensic interviewer, trial counsel had another opportunity to further his trial strategy by pointing out inconsistencies between versions of events told by the victim. Accordingly, we affirm the trial court's denial of Lutz's motion for new trial.

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*